UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ERICK NOE PAREDES LEON and GERSON ROELI
CARBAJAL DIAZ, individually and on behalf of all others
similarly situated,

                            **COLLECTIVE ACTION**
                            **COMPLAINT**

                Plaintiffs,

        -against-

                            **JURY TRIAL**
                            **REQUESTED**

ANDERSON'S TREE SERVICE, INC. and GINETTA
ANDERSON and CHRISTIAN ANDERSON, as individuals,

                Defendants.
-----------------------------------------------------------------------X

Plaintiffs **ERICK NOE PAREDES LEON and GERSON ROELI CARBAJAL DIAZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, through undersigned counsel, bring this action against **ANDERSON'S TREE SERVICE, INC. and GINETTA ANDERSON and CHRISTIAN ANDERSON, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at against **ANDERSON'S TREE SERVICE, INC.**, located at 2190 Sunrise Hwy., Islip, NY 11751.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiffs*

7. Plaintiff ERICK NOE PAREDES LEON residing at Amityville, NY was employed by ANDERSON'S TREE SERVICE, INC. as a tree cutter, located at 2190 Sunrise Hwy., Islip, NY 11751 from in or around April 2009 until in or around September 2023.

8. Plaintiff GERSON ROELI CARBAJAL DIAZ residing at Wyandanch, NY was employed by ANDERSON'S TREE SERVICE, INC. as a tree cutter, located at 2190 Sunrise Hwy., Islip, NY 11751 from in or around June 2015 until in or around August 2019.

### *The Defendants*
#### Corporate Defendant Anderson's Tree Service, Inc.

9. Defendant, ANDERSON'S TREE SERVICE, INC. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 2190 Sunrise Hwy., Islip, NY 11751.

10. Defendant, ANDERSON'S TREE SERVICE, INC. is registered in the New York Department of State, Division of Corporation with service of process address at PO Box 122, Deer Park, NY 11729.

#### Individual Defendants Ginetta Anderson and Christian Anderson

11. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON own and operate ANDERSON'S TREE SERVICE, INC.

2

12. Upon information and belief, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON are agents of ANDERSON'S TREE SERVICE, INC.

13. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON are responsible for overseeing the daily operations of ANDERSON'S TREE SERVICE, INC.

14. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON have power and authority over all the final personnel decisions of ANDERSON'S TREE SERVICE, INC.

15. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON have the power and authority over all final payroll decisions of ANDERSON'S TREE SERVICE, INC., including the Plaintiffs.

16. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON have the exclusive final power to hire the employees of ANDERSON'S TREE SERVICE, INC., including the Plaintiffs.

17. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON have exclusive final power over the firing and terminating of the employees of ANDERSON'S TREE SERVICE, INC., including Plaintiffs.

18. At all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON are responsible for determining, establishing, and paying the wages of all employees of ANDERSON'S TREE SERVICE, INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendants GINETTA ANDERSON and CHRISTIAN ANDERSON were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that ANDERSON'S TREE SERVICE, INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and

3

material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in December 2023, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning December 2017 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## ERICK NOE PAREDES LEON

22. Plaintiff ERICK NOE PAREDES LEON was employed by ANDERSON'S TREE SERVICE, INC., as a tree cutter while performing related miscellaneous duties for the Defendants, from in or around April 2009 until in or around September 2023.

23. During the relevant statutory period, Plaintiff ERICK NOE PAREDES LEON regularly worked six (6) days per week.

24. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 8:00 p.m. or later, three (3) days per week, and from approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m. or later, three (3) days per week during the relevant statutory period.

25. Thus, Plaintiff was regularly required to work approximately sixty-nine (69) hours per week during the relevant statutory period.

26. During the relevant statutory period, Plaintiff ERICK NOE PAREDES LEON was only paid up to his first forty-four (44) hours of work each week and was paid by Defendants an hourly rate of approximately $10.00 per hour in or around December 2017; approximately $12.00 per hour from in or around January 2018 until in or around December 2018; approximately $16.00 per hour from in or around January 2019 until in or around December 2020; and approximately $17.00 per hour from in or around January 2023 until in or around September 2023.

4

27. Plaintiff was not compensated at all for his remaining twenty-five (25) overtime hours each week.

28. Although Plaintiff regularly worked sixty-nine (69) hours or more hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

31. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

32. Moreover, Defendants were aware that they were not properly compensating Plaintiff and thus willfully chose to violate the NYLL and FLSA by not paying Plaintiff proper overtime wages.

33. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

34. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**GERSON ROELI CARBAJAL DIAZ**

35. Plaintiff GERSON ROELI CARBAJAL DIAZ was employed by ANDERSON'S TREE SERVICE, INC., as a tree cutter while performing related miscellaneous duties for the Defendants, from in or around June 2015 until in or around August 2019.

36. During the relevant statutory period, Plaintiff GERSON ROELI CARBAJAL DIAZ regularly worked six (6) days per week.

37. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m. or later, four (4) days per week, and from approximately 7:00 a.m. each workday and regularly ending at approximately 7:00 p.m. or later, two (2) days per week during the relevant statutory period.

38. Thus, Plaintiff was regularly required to work approximately sixty-four (64) hours per week during the relevant statutory period.

39. During Plaintiff's employment with the defendants, he was paid by Defendants a daily rate of approximately $175.00 per day during the relevant statutory period.

40. Although Plaintiff regularly worked sixty-four (64) hours or more hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

42. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

43. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

44. Moreover, Defendants were aware that they were not properly compensating Plaintiff and thus willfully chose to violate the NYLL and FLSA by not paying Plaintiff proper overtime wages.

6

45. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

46. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

48. Collective Class: All persons who are or have been employed by the Defendants as tree cutters, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

49. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

50. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

51. Defendants' unlawful conduct has been widespread, repeated, and consistent.

52. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

53. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

55. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

56. The claims of Plaintiffs are typical of the claims of the putative class.

57. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

61. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

62. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

64. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

65. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

66. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

69. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

72. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

73. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

75. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.


Dated:   December 28, 2023
         Kew Gardens, NY


*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERICK NOE PAREDES LEON and GERSON ROELI CARBAJAL DIAZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

ANDERSON'S TREE SERVICE, INC. and GINETTA ANDERSON and CHRISTIAN ANDERSON, as individuals,

Defendants,

---

**COLLECTIVE ACTION COMPLAINT**

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

To:

*Service via Secretary of State:*
**ANDERSON'S TREE SERVICE, INC. (DOS ID# 2505833)**
PO Box 122, Deer Park, NY 11729

*Via Personal Service:*
**ANDERSON'S TREE SERVICE, INC.**
2190 Sunrise Hwy., Islip, NY 11751

**GINETTA ANDERSON**
2190 Sunrise Hwy., Islip, NY 11751

**CHRISTIAN ANDERSON**
2190 Sunrise Hwy., Islip, NY 11751