UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERICK NOE PAREDES LEON and GERSON ROELI
CARBAJAL DIAZ, individually and on behalf of all others
similarly situated,

                           *Plaintiffs*,

-against-

ANDERSON'S TREE SERVICE, INC. and GINETTA
ANDERSON and CHRISTIAN ANDERSON, as individuals,

                           *Defendants*.
------------------------------------------------------------------X

**ORDER**
23-cv-9525 (JMA) (JMW)

**A P P E A R A N C E S:**

Roman M. Avshalumov
Zubair Tahir
**Helen F. Dalton & Associates, P.C**
80-02 Kew Garden Road, Ste 601
Kew Gardens, NY 11415
*Attorneys for Plaintiffs*

Saul D. Zabell
**Zabell & Collotta, PC**
One Corporate Drive, Suite 103
Bohemia, NY 11716
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

> *"Lawyers who know how to think but have not learned how to behave are a menace and a liability, not an asset, to the administration of justice."* [1]

---

[1] Chief Justice Warren E. Burger, Delivery of Justice 175 (1990.)

1

Deposition misconduct has plagued discovery for decades.[2] Indeed, "Rambo tactics" employed in depositions and discovery generally ultimately led to the adoption of civility codes in many states adopting.[3] In this case the parties have been at loggerheads throughout the discovery process. (Electronic Order dated 3/31/2025; ECF Nos. 31, 33-35.) This latest kerfuffle comes on the heels of the undersigned's rulings made during the course of a deposition. (*See* Electronic Order dated 3/31/2025.) Each seeks sanctions against the other, and Defendants seek further depositions of Plaintiffs.

Plaintiffs Erick Noe Paredes Leon ("Plaintiff Leon") and Gerson Roeli Carbajal Diaz ("Plaintiff Diaz"), individually and on behalf of all others similarly situated commenced this action on December 28, 2023, against Defendants, Anderson's Tree Service, Inc., Ginetta Anderson, and Christian Anderson, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Laws ("NYLL") for the alleged violations of the FLSA and NYLL, specifically unpaid overtime wages, and failure to provide wage notices and statements. (*See* generally ECF No. 1.) The parties are currently engaged in discovery and have taken depositions, where a number of disputes have occurred requiring this Court's assistance. On March 31, 2025, during the deposition of Plaintiff Diaz, the parties contacted the Court seeking intervention to resolve disputes, specifically as to the content of Defendants' Counsel, Mr. Saul Zabell's questioning, and Plaintiff's Counsel, Roman M. Avshalumov's objection to the

---

[2] *See* Emily Albrecht and Christopher Tompkins, *Setting The Record Straight, How to Save a Deposition When Defending Counsel Fights Dirty*, 58 No. 6 DRI FOR DEF. 23 (2016) (discussing "dirty" tactics); Allen K. Harris, *Increasing Ethics, Professionalism and Civility: Key to Preserving the American Common Law and Adversarial Systems*, 2005 PROF. LAW. 91, 92 (2005) ("Zealous advocacy is the *modern day plague* which infects and weakens the truth-finding process and makes a mockery of the lawyer's claim to officer of the court status.") (emphasis in original).

[3] *See* Jean M. Cary, *Rambo Depositions: Controlling an Ethical Cancer in Civil Litigation*, 25 HOFSTRA L. REV. 561, 597, n. 159 (1996) (outlining states that have enacted civility codes).

questioning of his client. (*See* Electronic Order dated 3/31/2025.) The undersigned ruled on the objection during the phone call. (*Id.*)

Now before the Court are Defendants' Motion for Discovery (ECF No. 31), Plaintiffs' Opposition (ECF No. 33) and Cross-Motion for Sanctions (ECF No. 34), and Defendants' Opposition to the Cross Motion (ECF No. 35).

In particular, Defendants seek an Order:

- awarding Defendants sanctions for Plaintiffs' counsel's improper behavior during the deposition of Plaintiff Diaz,

- awarding Defendant costs for the deposition of Plaintiff Diaz,

- extending discovery deadlines to complete discovery, and

- compelling Plaintiffs to produce witnesses for continued in-person depositions.

On the other hand, Plaintiffs seek an Order:

- imposing sanctions on Defendants for willful, abusive, and improper conduct during the depositions, and

- deeming any further depositions of Plaintiffs waived.

For the reasons set forth below, Defendants' Motion for Discovery is **GRANTED** *in part* and **DENIED** *in part*, and Plaintiffs' Cross Motion for Sanctions is **DENIED**.

## THE LEGAL FRAMEWORK

The Federal Rules of Civil Procedure govern the discovery process, and particularly relevant here is Rule 30. Pursuant to Fed. R. Civ. P. 30:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. *An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).* … The court may impose an appropriate sanction--including the

3

>reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(c)(2), (d)(2) (emphasis added).

Thus, Rule 30 makes clear that objections are to be in no means argumentative or suggestive. *Harger Da Silva v. New York City Transit Auth.*, No. 17-CIV-4550 (FB) (VMS), 2022 WL 1720396, at *1 (E.D.N.Y. May 27, 2022). After an objection is made and noted, the deponent is to testify subject to that objection which is preserved for trial. *Weinrib v. Winthrop-Univ. Hosp.*, No. CV-14-953 (JFB) (AKT), 2016 WL 1122033, at *2 (E.D.N.Y. Mar. 22, 2016) (collecting cases). Counsel "may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)[3]." *Id.* (citing *Gould Investors, L.P.*, 133 F.R.D. at 104 (quoting Fed. R. Civ. P. 30(c)(2)).

It is plainly within this Court's discretion to manage the discovery process and to impose sanctions when that process is abused. *New Chapter, Inc. v. Advanced Nutrition by Zahler Corp.*, No. 22-CV-03734 (HG), 2024 WL 981055, at *3 (E.D.N.Y. Mar. 7, 2024) (citing *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 545 (2d Cir. 2023)). Under Rule 30(d)(2), bad faith is not required to impose sanctions; a finding that the deposition "was impeded, delayed or frustrated in any material sense" will do. *Id.* (citing *Schmidt v. Stone*, No. 14-cv-519, 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019)).

Moreover, "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This statute obligates attorneys "to avoid dilatory tactics, and provides courts with a cudgel to

4

use, in their discretion, to deter unnecessary delays in litigation." *GiftRocket, Inc. v. Buchnik*, No. 24 MC 5105 (RPK) (VMS), 2025 WL 888483, at *2 (E.D.N.Y. Mar. 21, 2025) (citing *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018)). For a court to impose sanctions pursuant to § 1927, unlike Rule 30(d)(2), there must have been bad faith motive on the offending party to delay the litigation. *Id.* "Unlike Rule 11 sanctions which focus on particular papers, the inquiry under § 1927 is on a course of conduct." *Hernandez v. Money Source Inc.*, No. 17-CV-6919 (GRB) (AYS), 2022 WL 2702894, at *8 (E.D.N.Y. July 12, 2022) (quoting *Bowler v. U.S. Immigration & Naturalization Serv.*, 901 F. Supp. 597, 605 (S.D.N.Y. 1995); *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 367 (E.D.N.Y. 2013)).

Courts have declined to impose sanctions on parties, even with the liberal and inherent authority to do so, when there have been numerous and improper objections. *See e.g.*, *Gavrity v. City of New York*, No. 12-CV-6004 KAM VMS, 2014 WL 4678027, at *10 (E.D.N.Y. Sept. 19, 2014) (declining to impose sanctions for "continuous" objections); *Harger Da Silva*, 2022 WL 1720396, at *2 (finding that although there were improper objections, sanctions were not warranted); *Cordero v. City of New York*, No. 15-CV-3436 (JBW) (CLP), 2017 WL 2116699, at *6 (E.D.N.Y. May 12, 2017) (collecting cases); ("courts in the Second Circuit have declined to impose sanctions based solely on voluminous, unwarranted, and argumentative objections where opposing counsel was not prevented from completing the deposition.").

It is under this framework that the undersigned analyzes the parties' motions.

## DISCUSSION

I. **Defendants' Motion for Discovery**

   a. *Sanctions for Plaintiffs' Counsel Alleged Improper Behavior and Awarding Costs for the Deposition of Plaintiff Diaz*

Mr. Zabell asks this Court to impose sanctions for Mr. Avshalumov's "improper behavior" during the virtual deposition of Plaintiff Diaz, which he recounts as follows. (ECF No. 31 at 1-2.)

*First*, Plaintiff Diaz was testifying while two other Plaintiffs were in the room, Plaintiff Leon and Plaintiff Jensil Mendez ("Plaintiff Mendez"), where allegedly Plaintiff Diaz would speak with the others during the course of the testimony. (*Id.* at 2.) Upon review of the transcript, it appears that Plaintiff Mendez was informing all the parties that Plaintiff Diaz did not understand the questioning. (ECF No. 33, Exhibit B-1 at 41, 6-23 and 42, 2-5.) Soon thereafter, Plaintiff Mendez appeared to "overtalk" again. (*Id.* at 43, 20-21.) However, there is no indication that it was to assist Plaintiff Diaz or act improper. Moreover, counsel is aware that any individual who is a party to the action, is entitled to appear and has a right to do so, as Counsel affirms in its Motion for Discovery. ECF No. 31 at 3; *see* Depositions: Taking a Deposition (Federal), Practical Law Practice Note 3-525-6414. Therefore, Mr. Avshalumov's refusal to remove the other non-testifying plaintiffs from the room was not improper. (*Id.*)

*Second*, Mr. Zabell alleges that Plaintiff Diaz was instructed to not answer questions without valid objections. (*Id.*) To this particular point, the parties contacted the undersigned regarding the objection of privilege, and a ruling was issued, instructing Plaintiff Diaz to answer. (*See* Electronic Order dated 3/31/2025.) After a review of the transcript, Mr. Avshalumov only objected based on privilege once more, when Plaintiff Diaz was asked "[a]nd for what purpose were you in your attorney's office that day?" (ECF No. 33, Exhibit B-1 at 49, 4-9.) After that

6

question was rephrased to "[d]o you recall for what purpose you were in your attorney's office that day?", Mr. Avshalumov stated "[j]ust whether you remember or not. Do not answer what the purpose was[,]" Plaintiff Diaz answered "I don't recall." The undersigned finds this question was proper and not subject to attorney-client privilege; thus, the objection is overruled, and nonetheless the question was answered. (*Id.* at 49, 11-18.) For all other instances, where Mr. Zabell states that Plaintiff Diaz was instructed to not answer without valid objections, that is simply not true. Mr. Avshalumov asked the Court Reporter to note his objections and, in some instances, directed Plaintiff Diaz not to answer and Plaintiff Diaz answered once the objections were noted.[4] *See e.g.*, *id.* at 35, 11-24, 36, 1-4, 44, 19-24, 45, 1-6; *see also Harger Da Silva*, 2022 WL 1720396, at *1 (discussing that "note my objection" or similar objections are not argumentative."). The only improper conduct here was counsels' on-going bickering on the record, which the Court will not entertain. (*Id.* at 44, 46.) Rather, this beckons the cry, "a plague on both your houses."[5]

      Mr. Zabell also mischaracterizes who stopped the deposition by alleging that Mr. Avshalumov informed him he would stop the deposition. (ECF No. 31 at 4.) Mr. Avshalumov requested to a readback of the deposition regarding if Plaintiff Mendez was giving Plaintiff Diaz answers. (ECF No. 33, Exhibit B-1 at 50-52.) Mr. Zabell refused to do so, and in turn, ended the deposition. (*Id.* at 52.)

---

[4] Mr. Avshalumov also noted objections such as "asked and answered" and "not in evidence." (*See* ECF No. 33, Exhibit B-1, at 31-35.)

[5] William Shakespeare's *Romeo and Juliet*, Act III, scene 1, words uttered by Mercutio sensing the imminence of his death. The phrase is often misquoted and stated more colloquially as "a pox on both houses." https://idioms.thefreedictionary.com/a+pox+on+both+your+houses.

7

*Third*, Mr. Zabell alleges that Plaintiff Diaz was coached by Mr. Avshalumov to align with the other Plaintiffs' testimony. (ECF No. 31. at 5.) Upon review of the transcript, there is no indication of this, and Mr. Zabell does not cite to certain parts of the record to establish this.

Therefore, Mr. Zabell's application for sanctions is denied and likewise, finding no improper behavior, costs for this deposition is also denied.

    b. ***Compelling Plaintiffs to Produce Witnesses for Continued In-Person Depositions***

Next, Mr. Zabell requests that this Court compel Plaintiffs to continue depositions in-person. (ECF No. 31 at 6.) The undersigned denies this request. Any remaining depositions to be taken, **shall be video recorded**. To the extent future squabbles require yet another application for court intervention, the parties shall submit those portions of the video recorded deposition for the court's review.

    c. ***Extending Discovery***

Lastly, Mr. Zabell requests an extension to complete discovery. (*Id.*) On January 29, 2025, this Court granted an extension to complete discovery by March 31, 2025. (*See* Electronic Order dated 1/29/2025.) At a later Status Conference, the undersigned reminded the parties that the deadlines set forth in the January 29, 2025 Order remained in place and no further extensions would be granted. (ECF No. 28.) There is currently a final pre-trial conference scheduled for May 20, 2025, before the undersigned. Given the instant motion, the undersigned grants one **FINAL** extension for discovery to be completed by **May 30, 2025** and a pre-trial conference will be held on **June 10, 2025 at 3 pm in person in courtroom 1020.**

8

II. **Plaintiffs' Cross Motion for Sanctions**

a. *Sanctions for Defendants' Counsel Alleged Improper Behavior*

Plaintiffs' Counsel, Zubair A. Tahir filed this Cross Motion requesting sanctions be imposed against Mr. Zabell for his "egregious misconduct during the deposition of Plaintiff Leon and Plaintiff Diaz held on March 31, 2025." (ECF No. 34 at 1.) Specifically asserting that at the deposition, Mr. Zabell "engaged in a pattern of abusive and harassing behavior toward the Plaintiff, including raising his voice, making inappropriate and personal remarks, and badgering the witness with argumentative and improper questions." (*Id.*) Mr. Tahir further alleges that Mr. Zabell also spoke and addressed Mr. Tahir and Mr. Avshalumov in a "hostile and unprofessional manner." (*Id.*)

Following a review of the transcripts, although Mr. Zabell's behavior is unbecoming as a professional and indeed questionable at times, it appears from the transcript alone that his behavior was not improper to warrant sanctions.[6] The parties are nonetheless forewarned that this Court will not entertain these discovery motions absent genuine rather than feined efforts by

---

[6] The notes that Mr. Zabell is no stranger to sanctions applications in connection with deposition conduct. *See e.g.*, *Chawla v. Metro. Oral Surgery Assocs., P.C.*, No. 11-CV-6248 RRM VMS, 2014 WL 4678023, at *8, 14 (E.D.N.Y. Sept. 19, 2014) (imposing sanctions for improper termination of a deposition); *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 2589725, at *5 (E.D.N.Y. June 24, 2021) (granting motion for sanctions for defendants' failure and violation to produce documents earlier, which required a second deposition); *see also Scarpinato v. 1770 Inn, LLC*, No. 13-CV-0955 JS SIL, 2015 WL 4751656, at *1 (E.D.N.Y. Aug. 11, 2015) (Judge Seybert noting "[t]hough it does not color the Court's opinion today, the Court is compelled to observe that the conduct of Plaintiff's Attorney, Saul D. Zabell, during depositions in this case fell far outside the rules governing attorney conduct during depositions in this District. The undersigned encourages Mr. Zabell to review those rules and Magistrate Judge Scanlon's order in *Chawla v. Metro. Oral Surgery* Assocs., P.C., No. 11–CV–6248, 2014 WL 4678023 (E.D.N.Y. Sept. 19, 2014), which sanctioned Mr. Zabell for similar misconduct during a deposition.) This is why any further depositions in this case shall be video recorded.

9

the parties to resolve the disputes through a good faith meet and confer without court intervention.[7]

### b. *Deeming any Further Depositions of Plaintiffs Waived*

As a final matter, Mr. Tahir asks that this Court deem any further depositions of Plaintiffs waived. (ECF No. 34 at 2.) There are no circumstances present here that would justify such a result nor does counsel rely on any authority for support. Plaintiff's request is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Discovery (ECF No. 31), is **GRANTED** *in part* and **DENIED** *in part* and Defendants' Cross Motion for Sanctions (ECF No. 34) is **DENIED**. The parties are to meet and confer and complete any outstanding fact discovery by this Court's final extension of **May 30, 2025.** This date is final and there will be no further extensions. The parties shall file on ECF a joint status report on or before **May 30, 2025**. The final pre-trial conference is rescheduled to **June 10, 2025** at 3:00 pm in person in courtroom

---

[7] The Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the undersigned's Individual Practice Rules concomitantly require that parties meet and confer in a good faith attempt to resolve discovery disputes before formally initiating motion practice. *See* Individual Practice Rule 3.A; Local Civil Rules 26.4, 37.3(a); Fed R. Civ. P. 37(a). This command is repeatedly reaffirmed – perhaps because the meet and confer requirement obviates unnecessary judicial handholding and encourages parties to raise only genuine disputes that could not otherwise be resolved with good faith and civility. *See Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05-CV-10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007) ("The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a [discovery motion].").

1020.  The parties joint proposed pretrial order shall be filed on or before **June 6, 2025**.

Dated: Central Islip, New York
       May 8, 2025

S O   O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
