UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERICK NOE PAREDES LEON and FERSON ROELI CARBAJAL DIAZ, individually and on behalf of all others similarly situated,

      Plaintiffs,

    against

ANDERSON'S TREE SERVICE, INC. and GINETTA ANDERSON and CHRISTIAN ANDERSON, as individuals,

      Defendants.

Case No.: 23-cv-09525 (JMA) (JMW)

**JOINT PROPOSED PRETRIAL ORDER**

**2.[1] The names, addresses (including firm names), and telephone and fax numbers of trial counsel.**

<u>Plaintiffs' Counsel</u>

Helen F. Dalton & Associates
Katelyn Marie Schillaci, Esq.
James Patrick Peter O'Donnell, Esq.
Roman M. Avshalumov, Esq.
Helen F. Dalton & Associates
80-02 Kew Gardens Road
Suite 601
Kew Gardens, NY 11415
718-263-9591
718-263-9591
Email: katelyn@helendalton.com
   jamespodonnell86@gmail.com
   zubairalitahir48@gmail.com
   avshalumovr@yahoo.com

---

[1] The numbered paragraphs correspond to the requirements listed in Judge Azrack's individual rules.

1

Defendants' Counsel
Zabell & Collotta, P.C.
Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
Anthony T. Masciana, Esq.
Shelly Leonard, Esq.
One Corporate Drive, Suite 103
Bohemia, NY 11716
631-589-7242
Email:
    SZabell@laborlawsny.com
    REden@laborlawsny.com
    AMasciana@laborlawsny.com
    SLeonard@laborlawsny.com

**3. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

    The parties agree that the matter is to be tried before a jury. The parties believe the trial shall last approximately four (4) or five (5) days.

**4. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters, but including citations to all statutes relied on. The parties shall identify all claims and defenses previously asserted which are not to be tried.**

Plaintiffs' Claims

i. **Unpaid Overtime Wages under the Fair Labor Standards Act:** Defendants failed to pay Plaintiffs' overtime wages for their hours regularly worked in excess of forty (40) hours per week, at a wage rate of one-and-a-half (1.5) times the regular wage to which Plaintiffs were entitled under 29 U.S.C. § 206(a) in violation of 29 U.S.C. § 207(a)(1). As a result of these violations, Plaintiffs seek the total amount of unpaid overtime wages in addition to liquidated damages pursuant to 29. U.S.C. § 260.

ii. **Unpaid Overtime Wages under the New York Labor Law:** Defendants failed to pay Plaintiffs any overtime wages for their hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under N.Y. Labor Laws § 652, *et. seq.*, and in violation of 12 N.Y.C.R.R. §146-1.4, *et. seq*.

iii. **Violations of the Notice and Recordkeeping Requirements of the New York Labor Law:** Defendants willfully failed to provide Plaintiffs with any written notice, in English,

  and in Spanish (the Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1), *et. seq*.

 **iv.**  **Violations of the Wage Statement Requirements pursuant to the New York Labor Law:** Defendants willfully failed to provide Plaintiffs with any NYLL-compliant wage statement, upon each payment of the Plaintiffs' regular wages, as required by NYLL §195(3), *et. seq*.; 12 NYCRR.

Defendants' Defenses

1. The Plaintiffs were paid at least minimum wage for all hours and overtime for any hours worked over forty (40) hours in a workweek, in compliance with the FLSA and NYLL.

2. The Plaintiffs were each paid at a rate of time and a half their regular rates of pay when they worked over forty (40) hours in a given workweek, in compliance with the FLSA and NYLL

3. The Plaintiffs did not work for Defendants as many hours as Plaintiffs have otherwise maintained.

4. The Plaintiffs are not owed by Defendants the amount of unpaid wages otherwise maintained by the Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206; 29 U.S.C. § 207; and New York Labor Law §650 et seq.

5. The Plaintiffs are not owed liquidated damages pursuant to 29 U.S.C. § 216, New York Labor Law § 663(1), New York Labor Law § 198 (1-a), New York Labor Law Article 19 § 650 et seq., 12 NYCRR § 137-1.7. and/or 12 NYCRR § 146- 1.6, as Defendants' conduct was reasonable and it acted in good faith regarding the pay of the Plaintiffs.

6. Defendants' actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the New York Labor Law and/or FLSA.

7. Defendants' conduct was not willful, wanton and/or egregious and punitive damages are not available on the Plaintiffs' FLSA and NYLL claims.

8. The action is barred, in whole or in part, as to all the hours allegedly worked by the Plaintiffs that was not reported in accordance with any applicable policies or procedures.

9. The Plaintiffs have been paid all monies to which they are entitled.

10. The time that Plaintiffs spent traveling to and from their assigned jobsite at the beginning and end of each day is non-compensable worktime under the Portal-to-Portal Act.

11. The Plaintiffs are not entitled to statutory penalties under NYLL § 195(1) because complete and timely payment was made to each of them at all times relevant.

12. The Plaintiffs are not entitled to statutory penalties under NYLL § 195(3) because complete and timely payment was made to each of them at all times relevant.

5. **Any stipulations of fact or law that have been agreed to by all parties.**

   None.

6. **A statement regarding damages and other relief sought**.

Plaintiff Erick Noe Parades Leon seeks the following damages:
Total Overtime Owed: $178,832.14
Liquidated Damages: $178,832.14
Statutory Damages for Violations of NYLL § 195: $10,000.00
Total: $367,664.29

Plaintiff Gerson Roeli Carbajal Diaz seeks the following damages:
Total Overtime Owed: $17,943.75
Liquidated Damages: $17,943.75
Statutory Damages for Violations of NYLL § 195: $10,000.00
Total: $45,887.50

Plaintiff Jensil Mendez seeks the following damages:
Total Overtime Owed: $41,142.86
Liquidated Damages: $41,142.86
Statutory Damages for Violations of NYLL § 195: $10,000.00
Total: $92, 285.71

Plaintiff Evis Vasquez seeks the following damages:
Total Overtime Owed: $5,787.43
Liquidated Damages: $5,787.43
Statutory Damages for Violations of NYLL § 195: $10,000.00
Total: $21,574.86

Grand Total for all Plaintiffs: $527,412.36

7. **A brief statement by Plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiffs' Statement

      This Court has subject matter jurisdiction over Plaintiffs' federal claims arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' other NYLL state law claims pursuant to 28 U.S.C. §1367.

      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred within this judicial district.

Defendants' Statement

      Defendants do not dispute the presence of subject matter jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New York Labor Law, Article 19. Similarly, Defendants do not dispute subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, or Plaintiffs' state claims pursuant to 28 U.S.C. §1367.

8. **Names of all witnesses (fact and expert), together with a brief narrative statement of the expected testimony of each witness and an indication whether the witness will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.**

Plaintiffs' Witnesses

A. Erick Noe Parades Leon – Plaintiff will testify as to the terms and conditions of his employment with the Defendants, the start and end dates of his employment, his hours and days worked, his pay received, and that Defendants did not maintain employment records during his employment.

B. Gerson Roeli Carbajal Diaz – Plaintiff will testify as to the terms and conditions of his employment with the Defendants, the start and end dates of his employment, his hours and days worked, his pay received, and that Defendants did not maintain employment records during his employment.

C. Jensil Mendez – Plaintiff will testify as to the terms and conditions of his employment with the Defendants, the start and end dates of his employment, his hours and days worked, his pay received, and that Defendants did not maintain employment records during his employment.

D. Evis Vasquez – Plaintiff will testify as to the terms and conditions of his employment with the Defendants, the start and end dates of his employment, his hours and days worked, his pay received, and that Defendants did not maintain employment records during his employment.

Plaintiffs Erick Noe Parades Leon, Gerson Roeli Carbajal Diaz, and Evis Vasquez will require the assistance of a Spanish interpreter during their testimony at trial. Counsel for Plaintiffs will arrange for a federally certified Spanish interpreter for the trial.

Defendant's Witnesses

A.     Ginetta Anderson – Mrs. Anderson is expected to testify regarding the following topics: the terms and conditions of Plaintiffs' employment and the nature of her professional relationship with Plaintiffs. Additionally, Mrs. Anderson is expected to testify regarding and in response to the accusations asserted against her.

B.     Christian Anderson – Mr. Anderson is expected to testify regarding the following topics: the terms and conditions of Plaintiffs' employment and the nature of his professional relationship with Plaintiffs. Additionally, Mr. Anderson is expected to testify regarding and in response to the accusations asserted against him.

C.     Anthony Lenino – Mr. Lenino is expected to testify regarding the terms and conditions of his employment with the Defendants, including, but not limited to, his hours of work, rates of compensation, and Defendants' practices concerning payroll.

D.     Edgar Arellanos – Mr. Arellanos is expected to testify regarding the terms and conditions of his employment with the Defendants, including, but not limited to, his hours of work, rates of compensation, and Defendants' practices concerning payroll.

E.     Jordi Orellana – Mr. Orellana is expected to testify regarding the terms and conditions of his employment with the Defendants, including, but not limited to, his hours of work, rates of compensation, and Defendants' practices concerning payroll.

F.     Manuel Betancourt – Mr. Betancourt is expected to testify regarding the terms and conditions of his employment with the Defendants, including, but not limited to, his hours of work, rates of compensation, and Defendants' practices concerning payroll.

G.     Nelson Arevalo – Mr. Arevalo is expected to testify regarding the terms and conditions of his employment with the Defendants, including, but not limited to, his hours of work, rates of compensation, and Defendants' practices concerning payroll.

H.     Rualvin Pardes – Mr. Pardes is expected to testify regarding the terms and conditions of his employment with the Defendants, including, but not limited to, his hours of work, rates of compensation, and Defendants' practices concerning payroll.

*Plaintiffs object to Defendants' witnesses C though D. Defendants failed to disclose these witnesses in their Rule 26(a)(1) disclosures as witnesses to testify at trial. Moreover, Defendants failed to disclose these witnesses in their interrogatory responses. Instead, Defendants sent

*affidavits of these witnesses, without specifying and/or disclosing whether they intended to call these witnesses in their case-in-chief at trial. See FRCP 26(a)(1) & FRCP 26(a)(3)(A)(i).*

*\*Defendants produced affidavits of witnesses C and D with their Rule 26 disclosures in February 2024 and with the document production in October 2024. FRCP 26 does not require that these witnesses be identified as trial witnesses.*

9. **Schedule of exhibits to be offered in evidence by each party. To the extent practicable, counsel should identify any anticipated objections to an opposing party's exhibits. Exhibits admitted by stipulation are to be designated as such. Only exhibits listed shall be offered in evidence except when prompt notice has been given and good cause shown.**

Plaintiffs' Exhibits

| No. | Description | Defendants' Anticipated Objections |
|---|---|---|
| 1 | Plaintiffs' Damages Calculations *(for possible demonstrative purposes)* | FRE:403 Speculative |
| 2 | Plaintiff Erick Noe Parades Leon paystubs | |
| 3 | Defendants' Responses to Plaintiffs' First Set of Interrogatories | |
| 4 | Defendants' Responses to Plaintiffs' First Request for the Production of Documents | |
| 5 | Defendants' Answer | |

Plaintiffs reserve the right to use any relevant evidence and admissible exhibit identified by Defendants in their exhibit list and not objected to herein, whether or not Defendants actually offer such exhibit at the time of trial.

Plaintiffs reserve the right to object to any of Defendants' exhibits which have not been provided to Plaintiffs.

Plaintiffs reserve the right to offer for evidence any items, information or documents to be used to impeach and/or rehabilitate witnesses.

Plaintiffs' reserve the right to object to any of Defendants' exhibits on all applicable evidentiary grounds such as relevance or foundation.

Defendants' Exhibits

| Ltr. | Description | Plaintiff's Anticipated Objections |
|---|---|---|
| A | Work calendars ranging from March 1, 2017 through December 31, 2023 (DEF_000001 – DEF_000068) | |
| B | GPS records ranging from January 1, 2022, through December 31, 2022 (DEF_000559 – DEF_000637) | FRE 403 – Confusing the issues; misleading the jury. |
| C | GPS records ranging from January 1, 2023 through December 31, 2023 (DEF_000638 – DEF_000748) | FRE 403 – Confusing the issues; misleading the jury |
| D | GPS records ranging from January 1, 2024 through May 28, 2024 (DEF_000749 – DEF_000789) | FRE 403 – Confusing the issues; misleading the jury |
| E | Payroll records for Plaintiff Leon ranging from March 18, 2017, through January 2, 2021 (DEF_000069 – DEF_000335) | |
| F | Work schedules for Plaintiff Leon ranging from (DEF_000336 – DEF_000557) | |
| G | Payroll records for Plaintiff Mendez ranging from July 15, 2018, through February 2, 2022 (DEF_000808 – DEF_000832) | |
| H | Work schedules for Plaintiff Mendez (DEF_000834 – DEF_000838) | |
| I | Direct deposit transactions for Plaintiff Mendez (DEF_000833) | |
| J | Affidavits of current and former employees of Anderson's Tree Service, Inc. (DEF_000790 – DEF_000807) | |
| K | Plaintiffs' Responses to Court Ordered Interrogatories (DEF_000808 – DEF_000820) | |

| | | |
|---|---|---|
| L | Plaintiff Diaz's Response to Defendants' First Request for Admissions (DEF_000821 – DEF_000827) | |
| M | Plaintiff Diaz's Response to Defendants' First Set of Interrogatories (DEF_000828 – DEF_000834) | |
| N | Plaintiff Leon's Response to Defendants' First Request for Admissions (DEF_000835 – DEF_000840) | |
| O | Plaintiff Leon's Response to Defendants' First Set of Interrogatories (DEF_000841 – DEF_000847) | |
| P | Plaintiff Vasquez's Response to Defendants' First Request for Admissions (DEF_000848 – DEF_000851) | |
| Q | Plaintiff Vasquez's Response to Defendants' First Set of Interrogatories (DEF_000852 – DEF_000859) | |
| R | Plaintiff Mendez's Response to Defendants' First Request for Admissions (DEF_000860 – DEF_000865) | |
| S | Plaintiff Mendez's Response to Defendants' First Set of Interrogatories (DEF_000866 – DEF_000873) | |

Defendants expressly reserve the right to use any relevant evidence and admissible exhibit identified by Plaintiffs in their exhibit list and not objected to herein, whether or not Plaintiffs actually offer such exhibit at the time of trial.

Defendants reserve the right to object to any of Plaintiffs' exhibits which have not been provided to Plaintiffs.

Defendants reserve the right to offer for evidence any items, information and documents obtained pursuant to subpoena.

Defendants reserve the right to offer for evidence any items, information or documents to be used to impeach and/or rehabilitate witnesses.

Defendants reserve the right to object to any of Plaintiffs' exhibits on all applicable evidentiary grounds such as relevance or foundation.

10. **A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations.**

Plaintiffs' Deposition Designations:

Plaintiffs reserve the right to use such testimony during their case in chief, cross examination or for impeachment purposes.

Defendants' Deposition Designations:

Defendants do not presently intend to use deposition testimony unless a witness becomes unavailable. Defendants reserve the right to use such testimony during their case in chief, cross examination or for impeachment.

11. **A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

The Parties do not consent to trial of the case by a Magistrate Judge.