

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

September 17, 2025

**Via ECF**
The Honorable James M. Wicks, U.S.M.J
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re: **Leon et al v. Anderson's Tree Service Inc. et al.**
           Civil Case No.: 2:23-cv-09525-JMW

Dear Judge Wicks:

      Our office represents Erick Noe Paredes Leon ("Leon"), Gerson Roeli Carbajal Diaz ("Diaz") and opt-in Plaintiffs Evis Aroldo Vasquez Santos ("Vasquez") and Jensil Mendez-Lopez ("Mendez"), individually and on behalf of all others similarly situated, ("Plaintiffs"), and we respectfully submit this motion jointly with counsel for Anderson's Tree Service, Inc. ("Anderson's Tree Service"), and Ginetta Anderson and Christian Anderson, as individuals (collectively, the "Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached during the parties' settlement conference held on August 20, 2025 with all parties present.

      The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

    **I.**     **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

      a.  **The Settlement Amount**

      The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, which are addressed below, for the global amount of $150,000.00.

### b. Plaintiffs' Position

Plaintiffs Erick Noe Paredes Leon and Gerson Roeli Carbajal Diaz commenced this collective action on December 28, 2023, to recover damages against the Defendants as a result of the Defendants' alleged failure to pay Plaintiffs proper overtime wages when they were required to work in excess of 40 hours per week.

At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA 6-year and 3-year statutes of limitations, commenced in December 2017 ("Relevant Statutory Period").

Opt-in Plaintiffs Evis Aroldo Vasquez Santos and Jensil Mendez-Lopez filed their consent to join on August 2, 2024. *See* Dkt Nos. 22 & 23.

The Plaintiffs are former employees of the Defendants, Anderson's Tree Service, Inc. and Ginetta Anderson and Christian Anderson, as individuals (collectively, the "Defendants"), who worked for the Defendants at Anderson's Tree Service as tree cutters, located at 2190 Sunrise Hwy., Islip, NY 11751, during various times encompassing the period 2009 to September 2023.

Plaintiffs alleged that although they regularly worked for the Defendants in excess of forty (40) hours per week for various periods of time during the relevant statutory period, that the Defendants failed to pay Plaintiffs at a wage rate of time and a half (1.5) for each of their hours regularly worked over forty (40) in a work week, a blatant and willful violation of the overtime provisions contained in the FLSA, and the NYLL.

In total, Plaintiff alleged approximately $243,706.18 in unpaid overtime compensation, not including any other monetary relief that he may be entitled to under the FLSA or NYLL.

Although Plaintiff maintained that their alleged dates of employment, alleged hours worked per week and alleged rates of pay were correct, Plaintiffs acknowledged the sharp factual disputes that existed between the parties on these issues. Additionally, Defendants produced pay records that could have impacted Plaintiffs' alleged damages claims.

Although Plaintiffs were confident that they could prevail on all of their claims should this matter have proceeded to trial, Plaintiffs' preference was for a guaranteed outcome via Court-approved settlement. Settlement at this juncture avoids the inherent risks and costs of litigation and allows Plaintiffs to recover a guaranteed sum in the near future as opposed to the uncertainty of trial at an unknown date in the future. Based on all of the above, Plaintiffs believe that the settlement is a fair and reasonable resolution as to their wage claims.

### c. Defendants' Position

Defendants disagree with Plaintiffs and dispute all allegations. Not only do Defendants dispute the hours Plaintiffs claim to have worked each week, but they also maintain that Plaintiffs were properly paid all their earned wages under both the FLSA and the NYLL. Moreover, Defendants contend that their records would afford them a complete defense to Plaintiffs' claims at trial because they demonstrate Plaintiffs' allegations regarding their hours are materially false.

However, due to the inherent risks and costs associated with litigation, Defendants believe that the settlement is fair and is an appropriate resolution from a business standpoint.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against the Defendants for $150,000.00. The settlement amount was only achieved during the parties' settlement conference before the Court on August 20, 2025. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the hours worked by Plaintiffs, and the pay received by Plaintiffs, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

## II. <u>The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable</u>

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $150,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover $98,763.67 after the requested attorneys' fees and expenses. Each Plaintiff will receive an amount proportional to their individual damage calculation, which account for each Plaintiff's alleged dates of employment, alleged hours worked, and alleged pay received.

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $1,854.50 for identifiable expenses[1], which include:

- the Eastern District of New York filing fee in this matter: $405.00
- the costs of service of the Summons and Complaint on all Defendants: $524.00
- the costs of Mediation: $300.00
- the costs of Court Reporter: $625.50

Additionally, Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($148,145.50), or $49,381.83 in attorneys' fees, as agreed upon in Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $51,236.33.

As such, the settlement funds as broken down into their component parts are as follows:

**Settlement Amount:** $150,000.00
**Attorneys' Expenses:** $1,854.50
**Net Settlement Amount:** $148,145.50 ($150,000.00 - $1,854.50)
**Requested Attorneys' Fees:** $49,381.83 ($148,145.50 / 3)
**Total payable to Attorneys:** $51,236.33 ($49,381.83 + $1,854.50)
**Total payable to Plaintiffs:** $98,763.67 ($150,000.00 - $51,236.33)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of

---

[1] Invoices and receipts for these requested costs are attached hereto as **Exhibit 3**.

the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs. Plaintiffs' counsel's billing records, qualifications and lodestar calculation of attorneys' fees is attached hereto as **Exhibit 2**.

### IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of negotiations during the parties' settlement conference. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.