# AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **ERICK NOE PAREDES LEON, GERSON ROELI CARBAJAL DIAZ, JENSIL MENDEZ-LOPEZ and EVIS AROLDO VASQUEZ SANTOS** (hereinafter referred to as "Plaintiffs") and **ANDERSON'S TREE SERVICE, INC. and GINETTA ANDERSON and CHRISTIAN ANDERSON, as individuals,** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-and-hour claims that Plaintiffs have or may have against Defendants.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **23-CV-9525** alleging wage and hour violations under the Fair Labor Standards Act and New York Labor Law (the "Complaint").

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Defendants shall cause Plaintiffs to be paid the gross sum of **One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00)**, inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. *1st Installment:* **Within 5 days of approval of this Agreement by the Court,** Defendants shall provide payment of Fifty Thousand Dollars and Zero Cents ($50,000.00), payable and to be apportioned as follows:

   a) To Plaintiff **ERICK NOE PAREDES LEON,** one check in the amount of Nineteen Thousand One Hundred Sixty-Six Dollars and Sixty-Seven Cents ($19,166.67);

   b) To Plaintiff **GERSON ROELI CARBAJAL DIAZ,** one check in the amount of Four Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($4,666.67);

1

c) To Plaintiff **JENSIL MENDEZ-LOPEZ**, one check in the amount of Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($6,666.67);

d) To Plaintiff **EVIS AROLDO VASQUEZ SANTOS**, one check in the amount of Two Thousand Four Hundred Twenty-One Dollars and Twenty-Two Cents ($2,421.22);

e) To **Helen F. Dalton & Associates, P.C.**, one check in the amount of Seventeen Thousand Seventy-Eight Dollars and Seventy-Seven Cents ($17,078.77).

Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs. All checks are to be mailed to Helen F. Dalton & Associates, P.C. located at 80-02 Kew Gardens Road, Kew Gardens, New York 11415.

ii. **2nd installment through 11th installment:** Within 30 days of the Payment Due Date in Paragraph 1(a)(i) and continuing every month for 10 months, Defendants shall provide payment in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) each installment, payable and to be apportioned as follows:

a) To Plaintiff **ERICK NOE PAREDES LEON**, one check in the amount of Three Thousand Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($3,833.33);

b) To Plaintiff **GERSON ROELI CARBAJAL DIAZ**, one check in the amount of Nine Hundred Thirty-Three Dollars and Thirty-Four Cents ($933.34);

c) To Plaintiff **JENSIL MENDEZ-LOPEZ**, one check in the amount of One Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($1,333.33);

d) To Plaintiff **EVIS AROLDO VASQUEZ SANTOS**, one check in the amount of Four Hundred Eighty-Four Dollars and Twenty-Five Cents ($484.25);

e) To **Helen F. Dalton & Associates, P.C.**, one check in the amount of Three Thousand Four Hundred Fifteen Dollars and Seventy-Five Cents ($3,415.75).

Defendants shall issue separate checks for each Plaintiff and Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs. All checks are to be mailed to Helen F. Dalton & Associates, P.C. located at 80-02 Kew Gardens Road, Kew Gardens, New York 11415.

2. **Confession of Judgment**

   a. Upon signing of this settlement agreement, Defendants shall execute a Confession of Judgment, jointly and severally, in the amount of Two Hundred Twenty-Five Thousand Dollars and Zero Cents ($225,000.00) (attached hereto as **Exhibit A**), less 150% of the total amount of any payments made pursuant to this Agreement, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

   b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiffs shall provide five (5) calendar days written notice to Defendants' counsel, Saul D. Zabell, Esq., via electronic mail (**SZabell@laborlawsny.com**) of the default. If Defendants do not cure the defect within five (5) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

   c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

   d. Should the Confessions of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

   e. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiffs shall return the Confessions of Judgment to Defendants' counsel.

3. **Stipulation of Dismissal**

The Plaintiffs shall file a stipulation of dismissal with prejudice as to all claims brought in this action within seven (7) days of Plaintiffs' counsel's receipt of the first installment due in Paragraph 1(a)(i). Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Eastern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

4. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought, or which could have been brought, under the Complaint (**Docket No.: 23-cv-9525**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

## 5.     Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

## 6.     Representations

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

## 7.     Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves, their heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, Defendants' corporations, their respective current and former officers, owners, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, attorneys, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically including Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, or wage deductions, and (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law or associated regulations and laws. This release and waiver include any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiffs ever had or now has against the Defendants.

## 8.     Non-Disparagement

Plaintiffs agree that they shall not make any statement, written, oral, or electronic, which in any way disparages Defendants, including any individual known to be employed by Defendants, or Defendants' business practices. Plaintiff further agrees to take no action which is intended, or would reasonably be expected, to harm Defendants, including any individual known to be employed by Defendants, or their reputations, or which would reasonably be expected to lead to unwanted or unfavorable publicity to Defendants, or their reputations, or which would reasonably be expected to lead to unwanted or unfavorable publicity to Defendants or any individual known to be employed by Defendants. Notwithstanding the provisions of this Paragraph, Plaintiff shall be entitled to make truthful statements about his experience litigating this Action.

9. **Neutral Reference**

Should Defendants or their agents, successors, or assigns, be contacted regarding an employment reference for Plaintiffs, Defendants shall provide a neutral reference, confirming only dates of employment and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved to the mutual satisfaction of the Parties.

10. **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

11. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

12. **Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

13. **Effective Date**

This Agreement and Release shall become effective immediately upon Court approval.

14. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**PLAINTIFF:**

_____
**ERICK NOE PAREDES LEON**

Date: 9-10-25


**PLAINTIFF:**

_____
**GERSON ROELI CARBAJAL DIAZ**

Date: 09-11-2025


**PLAINTIFF:**

_____
**JENSIL MENDEZ-LOPEZ**

Date: 9/12/2025


**PLAINTIFF:**

_____
Evis Vasquez Santos (Sep 12, 2025 14:18:21 EDT)
**EVIS AROLDO VASQUEZ SANTOS**

Date:_____

**DEFENDANTS:**
ANDERSON'S TREE SERVICE, INC. and GINETTA ANDERSON and
CHRISTIAN ANDERSON, as individuals

_____
GINETTA ANDERSON, Agent Authorized to sign on behalf of **ANDERSON'S TREE SERVICE, INC.**

Date: 9/16/25

_____
GINETTA ANDERSON, as an individual

Date: 9/16/25

_____
CHRISTIAN ANDERSON, Agent Authorized to sign on behalf of **ANDERSON'S TREE SERVICE, INC.**

Date: 9/16/25

_____
CHRISTIAN ANDERSON, as an individual

Date: 9/16/25

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ERICK NOE PAREDES LEON and GERSON ROELI
CARBAJAL DIAZ, individually and on behalf of all others
similarly situated,

                              Plaintiffs,

-against-

ANDERSON'S TREE SERVICE, INC. and GINETTA
ANDERSON and CHRISTIAN ANDERSON, as
individuals,

                              Defendants.
------------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

**23-cv-9525**

I, **CHRISTIAN ANDERSON**, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, ANDERSON'S TREE SERVICE, INC., in the above action.

2. My full legal name is _Christian V Anderson_ and I reside at _16 Otsego Ave Dix hills NY 11746_
(Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiffs for the sum of **Two Hundred Twenty-Five Thousand Dollars and Zero Cents ($225,000.00)** in this matter, less 150% of total amount previously paid in accordance with the amicable resolution of the action between these parties pending in the Eastern District of New York bearing Docket No. 23-cv-9525 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against **CHRISTIAN ANDERSON** and/or _Christian V Anderson_ (**full legal name**).

4. I, as an authorized agent of ANDERSON'S TREE SERVICE, INC., hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of **Two Hundred Twenty-Five Thousand Dollars and Zero Cents ($225,000.00)** in this matter, less 150% of total amount previously paid in accordance with the amicable resolution of the Litigation and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against ANDERSON'S TREE SERVICE, INC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging, *inter alia*, that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved by the Defendants agreeing to pay a total of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00) pursuant to the following payment schedule:

i. The total amount of $50,000.00 as first installment to be paid within five (5) days of the Court's approval of the parties' Settlement Agreement;
ii. The remainder of $100,000.00 to be paid in ten (10) equal monthly installments of $10,000.00 each installment, commencing 30 days after the first installment and every thirty (30) days thereafter until the settlement fund is paid in full.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiffs shall provide five (5) calendar days written notice to be delivered via electronic mail to Saul D. Zabell, Esq. at **SZabell@laborlawsny.com**. If Defendants do not cure the defect within five (5) calendar days of receipt of the notice, all amounts payable herein shall be accelerated and Plaintiffs shall be permitted to file the confessions of judgment with the Clerk of the Eastern District of New York and/or in a Court of competent jurisdiction in the amount of $225,000.00, less 150% of any amounts previously paid by Defendants pursuant to this Agreement.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability, nor is it based upon a consumer credit transaction.

_____
**CHRISTIAN ANDERSON**, as an individual

Date: 9/16/25

Sworn to before me this
16 day of September, 2025

_____
Notary Public

_____
**CHRISTIAN ANDERSON**, as an agent authorized to execute on behalf of **ANDERSON'S TREE SERVICE, INC.**

Date: 9/16/25

Sworn to before me this
16 day of September, 2025

_____
Notary Public